**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PAT MAYS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-395-DWD** |
| | ) | |
| **MADISON COUNTY CATHOLIC CHARITIES, SHERYLL KELLUM, and STEVE ROACH, DENISE BURTON,** | ) ) ) | |
| | | |
| **Defendants.** | | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This case is before the Court on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 3). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file in forma pauperis or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. Id. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed in forma pauperis, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed in forma pauperis. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that he is indigent. However, it finds that he fails to state a claim within this Court's subject matter jurisdiction. This Court has subject matter jurisdiction over cases that arise under federal law, 28 U.S.C. § 1331, and cases where the parties are completely diverse and where more than $75,000, exclusive of interests and costs, is in issue, 28 U.S.C. § 1332(a).

Plaintiff sues Madison County Catholic Charities and three of its employees or managers, identified as Steve Roach, Executive Director Madison County Catholic Charities, Sheryll Kellum, Alton community Services Supervisor, and Denise Burton, Area Director Madison county Catholic Charities. He alleges that he and the defendants are citizens of Illinois. He seeks compensation for loss of employment and defamation of character. In support of federal jurisdiction he cites 35 ILCS 200/31-45 and 18 U.S.C. § 2339B (providing material support or resources to designated foreign terrorist organizations). He also asserts that he was discriminated and retaliated against for engaging in protected activity and wrongfully terminated in violation of Title VII of the Civil Rights Act of 1964.

In the statement of claim, Plaintiff alleges that while working for Madison County Catholic Charities he was attacked. A subsequent investigation revealed no fault by either party and no charges were filed. He claims Madison County Catholic Charities later fired him for a policy violation of misconduct and that the firing was wrongful. He indicates that he was wrongly found at fault for the altercation, perhaps because the other individual involved was at the time campaigning to be mayor. He also alleges that he subsequently filed a whistleblower complaint with the Department of Labor regarding

prospective OSHA violations in the workplace. The complaint does not explain how any of the individually named defendants were personally involved in the termination decision. The remainder of the pleading consists of unclear assertions concerning distinctions between food-bank and food-pantry services, operational classifications of those services, and the results of a Google search for Madison County Catholic Charities. Those allegations have no apparent connection to any claim for relief.

These allegations are not sufficient to state a claim under any of the federal laws Plaintiff has cited. Section 35 ILCS 200/31-45 is a provision of the Illinois Property Tax Code addressing exemptions from real-estate transfer-tax declaration requirements for certain charitable and governmental conveyances; it has no relationship to an employment dispute and supplies no federal cause of action. Section 18 U.S.C. § 2339B is a criminal statute prohibiting knowing provision of material support or resources to a designated foreign terrorist organization. Nothing in the complaint remotely suggests that any defendant provided, or that Plaintiff was terminated for refusing to provide, such support.

The Title VII claim likewise fails. Title VII prohibits employment discrimination and retaliation based on race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e-2, 2000e-3. Plaintiff does not allege that he is a member of any Title VII protected class or that any adverse action was taken because of such a characteristic.

Filing an OSHA-related complaint with the Department of Labor is not "protected activity" under Title VII. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). Moreover, individuals who are not themselves employers are not proper defendants

under Title VII. *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995). The complaint therefore fails to state a Title VII claim against any defendant.

To the extent Plaintiff relies on OSHA itself, that statute does not create a private right of action. After an employee makes an OSHA complaint, it is the Secretary of Labor who has the right to bring suit. *Johnson v. Interstate Mgmt. Co.*, 849 F.3d 1093, 1096 (D.C. Cir. 2017); *Sereda v. Nomad Freight Inc*., No. 24 CV 6664, 2025 WL 641235, at *3 (N.D. Ill. Feb. 27, 2025), aff'd, No. 25-1485, 2026 WL 511138 (7th Cir. Feb. 24, 2026).

There is no indication that Madison County Catholic Charities is anything other than a private charitable organization. Private conduct, no matter how allegedly wrongful, does not support a claim under 42 U.S.C. § 1983. *London v. RBS Citizens*, N.A., 600 F.3d 742, 746 (7th Cir. 2010).

The remaining theories, wrongful termination and defamation, are state-law claims. Because no federal claim has been stated, the Court lacks supplemental jurisdiction over those claims. 28 U.S.C. § 1367(c)(3).

Plaintiff also fails to state a claim within the Court's original diversity jurisdiction. The complaint establishes that all parties are citizens of Illinois. Complete diversity is therefore lacking.

The Court is satisfied that Plaintiff is indigent, but it finds that he fails to state a claim within its subject matter jurisdiction. Therefore, the Court **RESERVES RULING** on the Motion for Leave to Proceed in Forma Pauperis and **DISMISSES** the Complaint without prejudice. Plaintiff shall have up to and including October 21, 2026, to file an

amended complaint.[1] Failure to file an amended complaint in a timely manner will result in dismissal of this action for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated: September 21, 2026



DAVID W. DUGAN
United States District Judge

[1] Three days after commencing this action, Plaintiff filed a second complaint using the same *pro se* form and attaching an identical statement of claim. *See* Case No. 26-cv-396. The later complaint names the same three individual defendants but omits Madison County Catholic Charities and cites additional statutes. The two pleadings arise from the same alleged workplace altercation, investigation, termination, and subsequent Department of Labor complaint. A federal plaintiff may not maintain two actions on the same subject in the same court against the same defendants at the same time. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). The later-filed case is duplicative. Omitting the institutional defendant and adding statutory citations does not create a separate controversy. Accordingly, contemporaneously herewith, the Court enters an order administratively closing the later-filed duplicative case. The pleadings in the later-filed case will be filed in the instant case as a miscellaneous exhibit. Plaintiff may include any additional statutes, parties, or factual allegations he attempted to raise in the later-filed case in any amended complaint filed in the instant case.